(113 App. Div. 603)

### ROGERS v. VILLAGE OF ATTICA.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

1. MUNICIPAL CORPORATIONS—STREETS—CHANGE OF GRADE—CHARTER PROVISIONS—PROCEEDINGS.

    Attica City Charter, tit. 6, § 1, as amended by Laws 1890, p. 1006, c. 560, provides that the village board of trustees shall have power to lay out and open and change the grade of, or otherwise improve, roads, avenues, streets, etc., and for that purpose may take and appropriate any land of the village, but that no road, street, etc., shall be opened and "altered" unless all claims for damages on account of such opening or altering shall be released. *Held*, that the power to "alter," as used in such section, did not cover a change in the grade, and that the village was not therefore bound to take any proceeding for the release of damages before changing the grade of a street.

    [Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 742.]

2. SAME—ABUTTING OWNERS—REMEDIES.

    Where a village was authorized to change the grade of a street without limitation, it was not bound to pay damages sustained by an abutting property owner before making the change; such damages being recoverable by an action authorized by Laws 1897, p. 420, c. 414, § 159.

Appeal from Judgment on Report of Referee.

Suit by Richard J. Rogers against the village of Attica. From a judgment in favor of defendant on a referee's report, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Russell J. Stone, for appellant.
Willis E. Hopkins and E. E. Charles, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs. The action is to restrain the village of Attica from changing the grade of the street and sidewalk in front of plaintiff's premises on Market street. The plaintiff has a drug store upon his property, adjacent to the sidewalk, and the sidewalk is from 7 to 8 or 10 feet wide. The defendant proposes to change the grade in front of the drug store by lowering the sidewalk about 2½ feet. The defendant, as a general proposition, has power to make changes in the grade of its streets. Such power is given by section 1, tit. 6, of the charter, as amended by chapter 560, p. 1006, Laws 1890. The plaintiff claims, however, that the provisions of such section as to the release of damages, or a petition of 10 freeholders and the proceedings upon the presentation of such petition, are applicable to a proposed change of grade, and the relief sought in this action, restraining the defendant from making such change of grade, is based upon the failure of the defendant to procure such release or petition, and to comply with the provisions of the section following the presentation of such a petition. The defendant claims these provisions are not applicable to a proposed change of grade, but only to the opening or altering of a street, and that "altering" means changing the location of the street in whole or in part; and it further claims the only remedy for damages the plaintiff has, if any, is under section 159 of the village law (Laws 1897, p. 420, c. 414).

There can be no doubt as to the proper construction of section 1 of defendant's charter. The word "alter" does not cover "change of grade." Matter of Grab v. New Rochelle, 31 App. Div. 610, 52 N. Y. Supp. 395; Buchholz v. N. Y., L. E. & W. R. R. Co., 71 App. Div. 452, 75 N. Y. Supp. 824, affirmed in 177 N. Y. 550, 69 N. E. 1121. In the New Rochelle Case, above, it was held that the word "grade" in the charter did not cover a "regrading" or changing of the grade of a street, and therefore the remedy for damages for change of grade was under section 159 of the village law only. In the Buchholz v. R. R. Case, above, section 58 of the charter of Port Jervis (chapter 370, p. 578, Laws 1873) gave the trustees power to lay out, open, make, improve, straighten, widen, extend, alter, repair, and discontinue streets, etc., and then section 59 provided that, before a street could be laid out, opened, extended, widened, graded, paved, macadamized, improved, or discontinued, certain proceedings must be had, and it was held the alteration of a street was not covered by the provisions of section 59; the court saying:

"An alteration of a highway, as the expression is used, generally refers to a change in the course thereof, and therefore necessarily involves, to some extent, the establishment of a new highway, and the vacation of a part of the old highway for which the substitution is made. 15 Amer. & Eng. Encyl. of Law (2d Ed.) 392, 3, notes 1, 2, 3, 4."

Under our construction of this section 1 of the charter, the defendant was not bound to take any proceedings before making the change of grade, and

therefore the action could not be maintained to restrain the defendant from making such change of grade.

The defendant had a right to change the grade of the street and sidewalk, regardless of the question as to plaintiff's ownership of the fee of the street. Any damages or compensation to which plaintiff might be entitled, whether owner of the fee or not, need not be paid before the change is made, but are recoverable as provided in the village law.

The complaint was properly dismissed, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.